IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02365-WDM-MJW

LYNN E. SCOTT,

Petitioner,

v.

KEVIN MILLARD, Warden, S.C.F.,

Respondent.

---

**RECOMMENDATIONS ON
(1) APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241(Docket No. 8),
(2) PETITIONER'S MOTION PURSUANT TO RULE 56(a) MOTION FOR JUDGMENT
ON THE PLEADINGS (Docket No. 34), and
(3) PETITIONER'S MOTION TO AMEND MOTION PURSUANT TO RULE 56
(Docket No. 39)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to a Order of Reference to Magistrate Judge issued by Judge Walker D. Miller on March 19, 2008.  (Docket No. 18).

Before the court for a report and recommendation is the pro se incarcerated petitioner's amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 8) (the "petition").  Respondents filed a timely Response to Show Cause Order (Docket No. 13), and petitioner filed a Traverse (Docket No. 14). Petitioner subsequently filed a "Motion Pursuant to 56(a) Motion for Judgment on the Pleadings" (Docket No. 34) and a "Motion to Amend Motion Pursuant to Rule 56" (Docket No. 39), which are also now before the court.  Respondents filed a response to

the motions on March 31, 2009, together with an affidavit and certain documents appended as exhibits. (Docket No. 43). The court has considered the petition, the response, the Traverse, the two motions, and the response thereto. In addition, the court has considered the court's file and applicable Federal Rules of Civil Procedure, case law, and statutes. The court now being fully informed makes the following findings, conclusions, and recommendations.

Petitioner asserts the following in the petition. A parole hearing was held on or about July 25, 2005, and petitioner was granted release to mandatory parole. As a result of the respondents' delay in filing the application of his grant of parole, however, the Parole Board rescinded the grant of mandatory parole without a hearing on or about December 28, 2005, and deferred petitioner's parole until June 19, 2006. At the June 19, 2006, mandatory parole release hearing, petitioner was again granted release to mandatory parole. However, there was then a ten-month delay, but petitioner was finally released to mandatory parole on April 11, 2007. Then, on July 26, 2007, petitioner's parole was revoked for a "180 day turn around." On or about November 14, 2007, another parole rescission hearing was conducted because of a disciplinary violation, and his release date was pushed past the 180-day date of January 9, 2008, to May 14, 2008, because of the disciplinary write-up. "At the Same time the Parole Board table the Petitioner at the day for Parole release to a [sic] approved parole plan. Now the Respondents (case management is saying that the Parole Board later change their mind and could not parole the Petition after recsinding [sic] his parole." (Docket No. 8 at 2).

Petitioner raises three Fourteenth Amendment due process claims. In Claim

3

One, petitioner asserts that there was no hearing held by the respondents when his grant of mandatory parole was rescinded on December 28, 2005. In Claim Two, he contends:

> On or around July 25, 2005 after Petitioner's mandatory parole was granted, the Respondents, through the use of abuse of their power, delayed the application process. Because of this delay the Respondents was able to convince the Parole Board to rescind a established mandatory release grant without due process, or a hearing. If the Respondents did not delay the application for the Petitioner's parole there would not have been a C.O.P.D. charge to suspended the Petitioner's mandatory parole. The Respondents delayed the Petitioner's mandatory parole grant application which cause the Petitioner to serve a longer prison sentence, that the Petitioner has a liberty interest in the speedy application of his parole grant . . . . The Respondent delay did cause the defendant to be incarcerated longer in prison, and the Respondents was indifferent to the Petitioner's substantial due process rights, that was shocking to the conscience and the Respondents cause the Petitioner hurt because the longer stay in prison.

(Docket No. 8 at 3). In Claim Three, he asserts:

> On or around November 2007, at the Parole hearing, the Petitioner was given a rescission hearing.for a C.O.P.D. write that happened hear at his present place of confinement. Also at the hearing the Parole board grant the Petitioner parole release, to a parole plan to Peer I. Now the Respondents are telling the Petitioner that the Parole Board can not also rescind his parole and then at the same time parole him, and that he will be granted release on May 14, 2008, because of the rescission hearing. First how can the Petitioner established release date of Jan 9, 2008 can be taken away because of a C.O.P.D. write up. And then how can the Parole Board not parole me since it is their discretion.on the length that the Petitioner do on a revocation of parole. The Petitioner is being denied his substantial due process rights and the extension of his original 180 day revocation, and then the parole board granting parole.

(Docket No. 8 at 4).

In his "Motion to Amend Motion Pursuant to Rule 56," petitioner provides additional arguments and allegations, namely, that he

> is serving his parole sentence now which is five years. . . . the effective

> date is April 11, 2007 the date the respondents release the petitioner to mandatory parole, but according to 18-1.3-401 supra, this mandatory parole started on July 25, 2006, and because of the respondent's abuse of process, the respondent's made the petitioner serve 22 months of mandatory parole incarcerated before releasing him to it, and did not give him any credit toward that time to his mandatory parole. . . .
>
> In this case the Petitioner is asking the Honorable Court to shorten the duration of his mandatory parole sentence to 22 months that was served in carceration before his actual release to it, by mistake, abuse of power in violation of the petitioner's due process rights by the respondent's for the above stated reasons. This is causing the Petitioner harm because he will serve more time then intended by the mandatory release statute. . . .
> In claim two the plaintiff is basically asking the court to make a delicaration [sic] judgement on the delay cause by the respondent(s) not releasing the petitioner as soon as possible which is a violation of his due process rights. . . .
>
> In the case at hand, the Respondent's delayed on purpose the application of his grant to parole, denying the petitioners his due process rights . . . [t]he Respondent(s) delay the Petitioner's released to parole by 22 months, in which denied him his due process rights and will cause him harm by making him serve 22 months longer on his mandatory parole portion of his sentence. . . .

(Docket No. 39 at 5-7).

Even though petitioner mentions "judgment on the pleadings" in the caption of his first motion (Docket No. 34), he also cites Federal Rule of Civil Procedure 56(a) concerning summary judgment in the same caption and cites that rule in the text of his motion. Moreover, he states therein that he "wishes ask for summary judgment . . . ." (Docket No. 34 at 1). He also attached a document to that motion (Docket No. 34 at 5). In addition, petitioner subsequently moved "to Amend Motion Pursuant to Rule 56" in which he "wishes to amend his previous Rule 56 Claim with this motion and ask for summary judgment on part of his claim(s)." (Docket No. 39). He attached additional documentation to that motion. (Docket No. 39 at 9-14). With their response to plaintiff's

5

motion, respondents submitted the Affidavit of David L. Michaud, Chairman of the Colorado State Board of Parole, and copies of documents (Docket No. 43-2).  Based upon the foregoing, the court has liberally construed petitioner's motions as being for summary judgment rather than for judgment on the pleadings.  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

In their Response to Show Cause Order, respondents assert that Claims One and Two are moot, that petitioner failed to exhaust his state remedies concerning denial of re-parole, and in the alternative that petitioner is not entitled to immediate re-parole.  In their response to the petitioner's motions, respondents assert that the petitioner was not granted immediate release in June 2005 and is not entitled to credit for the time he spent in custody from July 25, 2005, until his release on parole on April 11, 2007.

Since the petitioner is representing himself, his pleadings have been construed liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nevertheless, this court will not act as petitioner's advocate by raising arguments not included in his pleadings.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A petition for a writ of habeas corpus is properly brought pursuant to 28 U.S.C. § 2241 where the petitioner attacks the fact or duration of his confinement and seeks the remedy of shortened confinement or immediate release.  See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997).  See also Gillison v. Hand, 2008 WL 4787580, at *4 (D. Colo. Oct. 30, 2008) ("A motion pursuant to § 2241 generally challenges the *execution* of a prisoner's sentence, including such matters as the

administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions . . . .").

"The threshold question in any due process analysis for a case like this is whether a liberty interest is implicated. . . . . Here, the state parole board's wholly discretionary decision does not implicate a constitutional liberty interest." Id. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1 (1978). While a liberty interest in parole may be created if the state employs mandatory language in its statutory scheme, no such language is contained in Colorado's statutory language concerning parole. See Gillison v. Hand, 2008 WL 4787580, at * 4-5. In particular, a parole hearing is not required; only an interview by at least one board member is required. See § 17-2-201, C.R.S. Inasmuch as petitioner has no liberty interest in parole under Colorado's system, and he is thus not entitled to due process protections, he has no claim which would entitle him to relief. See Gillison v. Hand, 2008 WL 4787580, at *5.

Furthermore, a review of the Parole Board documentation submitted by the parties and the affidavit submitted by respondents establishes that the petitioner's interpretation of the events is not accurate. Petitioner was not granted unconditional release on parole on July 25, 2005. Petitioner met the Parole Board on that date, and rather than granting him unconditional release, the Board "tabled [petitioner's] parole application and granted [him] a marginal parole to the Cheyenne Mountain Re-Entry Center ('CMRC'), a medium security facility that was designed to provide pre-release services for offenders transitioning to community correction centers and parole."

(Docket No. 43-2 at 1-2, ¶ 6). As part of that conditional release, the Parole Board first required the petitioner to comply with CMRC's requirements and to complete the CMRC program successfully. In addition, the Parole Board required petitioner to remain report free during that time. Petitioner, however, did not successfully complete these conditions. He received three Code of Penal Discipline convictions, namely, for unauthorized absence, damage to property, and advocating a facility disruption. Consequently, "the Parole Board removed the marginal status and on December 28, 2005 amended the decision of July 25, 2005 and deferred [petitioner's] next parole application hearing until June, 2006." (Docket No. 43-2 at 2, ¶ 8). On June 19, 2006, petitioner again met with the Parole Board, which decided to grant petitioner parole effective April 11, 2007, at which time petitioner was in fact released from custody to begin serving his mandatory period of parole. Petitioner's parole, however, was revoked in July 2007. He normally would have been entitled to be re-paroled after he completed his sentence to 180 days that resulted from that revocation, but as petitioner admits in his petition, while serving this 180-day sentence, he committed another Code of Penal Discipline violation. The Parole Board thus had the authority to extend this sentence from 180 days to 360 days. See § 17-2-103(11)(b)(II.5) and (V), C.R.S. Therefore, petitioner is not entitled to release on parole, is not unlawfully confined, and his petition should be dismissed and his motions denied.

      **WHEREFORE,** for the foregoing reasons, it is hereby

      **RECOMMENDED** that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 8) be denied and dismissed. It is further

8

**RECOMMENDED** that the petitioner's Motion Pursuant to 56(a) Motion for Judgment on the Pleadings (Docket No. 34) and  Motion to Amend Motion Pursuant to Rule 56 (Docket No. 39) be denied.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  April 17, 2009                                              s/ Michael J. Watanabe
       Denver, Colorado                                         Michael J. Watanabe
                                                              United States Magistrate Judge