IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   07-cv-02365-WDM-MJW

LYNN E. SCOTT,

    Petitioner,

v.

KEVIN MILLARD, Warden, S.C.F.,

    Respondent.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

    This case is before me on the recommendation of Magistrate Judge Michael J. Watanabe (doc no 44), filed April 17, 2009.  Magistrate Judge Watanabe recommends that Petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (doc no 8) ("Petition") be denied, as well as Petitioner's supplemental motions (doc nos 34 and 39).  Petitioner filed an objection to the recommendation and is therefore entitled to *de novo* review.  28 U.S.C. § 636(b).  For the reasons that follow, I will accept the recommendation as modified herein.

    Petitioner was convicted in Colorado state court of two separate drug counts and was sentenced  on March 24, 2000 to ten years imprisonment, plus a period of mandatory parole pursuant to statute.  On May 20, 2004, he was sentenced for a conviction on two charges of escape to six months imprisonment and a two-year period of parole.  On July 25, 2005, the parole board granted Petitioner parole conditioned upon his participation in

a drug/alcohol program and other restrictions. According to unrebutted evidence presented by the government, the parole board's decision was not to unconditionally release Petitioner on parole, but rather served to place Petitioner on marginal parole to Cheyenne Mountain Re-Entry Center ("CMRC"), a medium security facility designed to provide prerelease services for offenders transitioning to community correction centers and parole. I note that the "Notice of Colorado Parole Board Action" setting forth this decision contains no date for the "Effective Release Date," which is consistent with the government's evidence, and the Notice contains a handwritten notation stating "Parole Upon Completion of CMRC - Must Remain Rept Free / Program." Exh. A to Petition (doc no 8). During his time at the re-entry facility, Petitioner incurred three violations of the Code of Penal Discipline. As a result, on December 28, 2005, the previous parole grant was amended and Petitioner's parole eligibility date was deferred to June 2006. On June 17, 2006, the parole board again granted Petitioner release on parole, again subject to numerous conditions, with an effective release date of April 11, 2007. Petitioner was released on that date; however, his parole was revoked in July 2007. Although revocation of parole usually results in 180 days of reincarceration for parolees such as Petitioner, that period of time was extended because Petitioner incurred another disciplinary violation during the initial 180 days.

Petitioner asserts three separate claims in his Petition: (1) that his due process rights were violated by the rescission of his parole on December 28, 2005 without a hearing; (2) that the delay in permitting Petitioner to be released pursuant to the July 2005 grant of parole injured Petitioner because he incurred disciplinary violations before his actual release; and (3) that Petitioner's due process rights were violated because his parole

was revoked for more than 180 days.  Petitioner seeks as relief a reduction of his mandatory parole period by 22 months, apparently corresponding to the time between July 25, 2005, when he was first granted parole, and April 11, 2007, when he was actually released.

Because both Petitioner and Respondent submitted extrinsic evidence with their briefs, Magistrate Judge Watanabe treated the issues raised under the standard of a motion for summary judgment.  He recommends that the Petition be dismissed because Petitioner has no liberty interest in parole since Colorado statute grants discretion to the parole board in such decisions.  *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1 (1978).

In his objection, Petitioner appears to argue that, in fact, Colorado state law contains mandatory language requiring that he be released [or should have been released in July 2005].  He cites to the Colorado mandatory parole statute, C.R.S. § 18-1.3-401, to argue that he has a right to "mandatory parole."  He points to several statements in that statute that contain the imperative "shall."  *See, e.g.*, C.R.S. § 18-1.3-401(1)(a)(V)(D) ("The mandatory period of parole imposed pursuant to [this section] shall commence immediately upon the discharge of an offender from imprisonment in the custody of the department of corrections.").  He also argues that the parole board does not have the authority to set up under the "mandatory" parole scheme a program of marginal release, and that setting these conditions was therefore an abuse of power.

Petitioner's objections appear to reflect a fundamental misunderstanding of the nature of "mandatory" parole. As explained by the Colorado Court of Appeals, mandatory parole "is a statutorily prescribed sentence component that attaches automatically to any

3

sentence involving imprisonment." *People v. Perea*, 74 P.3d 326, 332 (Colo. App. 2002). Under Colorado's sentencing scheme, "the prison term and parole term are separate components of the sentence, namely, a determinate period of incarceration and a predetermined period of parole." *Id.* at 334. Mandatory parole is mandatory in the sense that it is required to be included in a sentence involving imprisonment, not that release is mandated before that term of imprisonment is completed.

The decision of the parole board in July 25, 2005 did not concern Petitioner's mandatory parole period, but rather parole pursuant to C.R.S. 17-22.5-403 and 404, which concerns discretionary release before the end of a sentenced term of incarceration. This is apparent from the face of the notice of the July 25, 2005 action, which has a box checked next to "Release Pursuant to C.R.S. 17-22.5-404" and which shows that Petitioner's mandatory release date was scheduled for August 3, 2008. Under the discretionary parole statute, the following is required of the parole board:

> For any offender who is incarcerated for an offense committed on or after July 1, 1993, upon application for parole, the state board of parole, working in conjunction with the department and using the guidelines established pursuant to section 17-22.5-404, shall determine whether or not to grant parole. The state board of parole, if it determines that placing an offender on parole is appropriate, shall set the length of the period of parole at the mandatory period of parole established in section 18-1.3-401(1)(a)(V), C.R.S. . . .

C.R.S. § 17-22.5-403(7)(a). Here, it appears that the parole board complied with this provision in that the July 25, 2005 decision makes clear that the board determined to grant Petitioner parole for a period of five years; the beginning of the parole period, however, was contingent upon Petitioner's successful completion of the reentry program. Nothing in the

statute requires that an inmate be released immediately upon the issuance of a decision granting parole or otherwise restricts the board's discretion in this regard.[1]  The authority to establish preparole facilities and programs is expressly set forth in Colorado statute.  C.R.S. § 17-1-206.5.  Moreover, it is well established under Colorado law that the state has discretion to impose conditions as part of a grant of parole.  C.R.S. § 17-2-201(5)(f)(I) ("As a condition of every parole, the parolee shall sign a written agreement that contains such parole conditions as deemed appropriate by the board . . ."); *Boling v. Romer*, 101 F.3d 1336 (10th Cir. 1996) (because parole in Colorado is discretionary, state law conditioning parole on an inmate's submission of DNA samples does not implicate any liberty interest protected by due process).  Because no actual release date had yet been set, Petitioner had no concrete expectation of release and no liberty interest protected by due process.  Accordingly, I agree with Magistrate Judge Watanabe that Petitioner's first and second claims fail to state a claim for violation of procedural due process.  Because the parole board acted within its authority, I also find no substantive due process violation.

Petitioner does not appear to dispute that he received a hearing in connection with the revocation of his parole in July 2007.  As noted by Magistrate Judge Watanabe, Petitioner normally would have been entitled to be re-paroled after 180 days but, while serving his 180 day sentence, he committed another Code of Penal Discipline violation.  Thus, the parole board had the authority to extend this sentence from 180 days to 360 days.  C.R.S. § 17-2-103.  Accordingly, I see no constitutional violation as a result of

---

[1]Similarly, Petitioner appears to argue that the parole board did not have the authority to set a release date of April 11, 2007 when it made the decision on June 17, 2006 to grant Petitioner parole.  Again, I see nothing in the parole statute that requires immediate release upon the board's decision to grant discretionary parole.

Petitioner's reincarceration for more than 180 days after revocation of his parole.

Accordingly, it is ordered:

1. The recommendation (doc no 44) of Magistrate Judge Michael J. Watanabe is accepted.

2. Petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (doc no 8) is denied.

3. Petitioner's Motion pursuant to 56(a) motion for Judgment on the Pleadings (doc no 34) and Motion to Amend Motion Pursuant to Rule 56 (doc no 39) are denied.

DATED at Denver, Colorado, on May 11, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge